IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEVIN THOMAS and DEBRA THOMAS, | Case No. CV07-122-N-EJL |
| Plaintiffs, | |
| v. | **MEMORANDUM ORDER** |
| GUARANTY BANK, et al, | |
| Defendants. | |

Pursuant to the Federal Rules of Civil Procedure 59(e) and 60(b), Defendants move the Court to reconsider its Order of June 7, 2007, which remanded this matter to state court for lack of subject matter jurisdiction in accordance with 28 U.S.C. § 1447(c). In its Order, the Court found, among other things, that Defendants had failed to carry their burden of establishing diversity jurisdiction because Defendants had merely alleged that the "amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000.00." (Notice of Removal ¶ 1). The Court concluded that "the mere allegation of a jurisdictional minimum neither overcomes the strong presumption against removal jurisdiction, nor satisfies Defendants' burden of setting forth, in the removal petition itself, the underlying facts supporting its assertion that the amount in controversy exceeds $75,000." (Docket No. 10).

MEMORANDUM ORDER- 1

Defendants suggest that they were not required to set forth in the Notice of Removal the factual basis supporting the requisite jurisdictional minimum. And, instead, they should have been permitted to identify such facts when, and if, subject matter jurisdiction was contested by either the Plaintiffs or the Court.

The Court respectfully disagrees with the Defendants' understanding of their burden upon removal. The Ninth Circuit repeatedly has stated that the removing defendant must set forth "in the removal petition itself, the *underlying facts* supporting its assertion that the amount in controversy exceeds [$75,000]." Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (emphasis in original). Defendants appear to conflate the right a party has to file a *legal memorandum* in response to a motion to remand with the much different notion that a defendant may later supplement or amend the removal petition to set forth the specific facts underlying the jurisdictional minimum. The latter is prohibited by the Ninth Circuit: "jurisdiction must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." Sparta Surgical Corp. v. Nat'l Ass'n. Sec. Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir.1998).

For that reason, a federal district court is permitted, even obligated, to review a removal petition to determine whether the removing defendant has identified the "*underlying facts*" supporting its assertion that the amount in controversy exceeds $75,000.[1] See e.g.,

---

[1] This review is authorized by 28 U.S.C. § 1446(c)(4):

The United States district court in which such a notice [of removal] is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make

MEMORANDUM ORDER- 2

Wisconsin Knife Works v. National Metal Crafters, 781 F.2d 1280, 1282 (7th Cir.1986) (noting that a federal court should undertake an immediate review of a newly filed case to confirm that jurisdiction is proper). Where, as here, the removing defendant has not set forth specific facts, and instead has simply recited the conclusory allegation that the amount in controversy exceeds $75,000, the Ninth Circuit has directed the district court to summarily remand the case. See e.g., Gaus, 980 F.2d at 567 (citing case law that holds a "defendant's bald recitation that 'the amount in controversy exceeds $[75,000],' without the defendant identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke *sua sponte* remand").

In any event, the resolution of Defendants' Motion for Reconsideration is determined not by this Court's review of its merits, but by the binding precedent of Ninth Circuit case law. In Seedman v. United States Dist. Court, 837 F.2d 413 (9th Cir. 1988), the Ninth Circuit examined 28 U.S.C. § 1447(c), the provision that "requires a district court to remand a case to state court when it determines the case was improvidently removed." Id. at 414. The Seedman panel concluded that the language of section 1447(c) "has been universally construed to preclude not only appellate review but also reconsideration by the district court." Id. This is because "[o]nce a district court certifies a remand order to state court it is divested of jurisdiction and can take no further action on the case." Id. Therefore, if the

---

an order for summary remand.

MEMORANDUM ORDER- 3

remand order is based on section 1447(c), as it was here, "a district court has no power to correct or vacate it." Id. The Defendants' Motion for Reconsideration (docket no. 12) must accordingly be **DENIED**.[2]

DATED: **June 27, 2007**

/s/ Edward J. Lodge

Honorable Edward J. Lodge
U. S. District Judge

---

[2] Even if the Court construed the Defendants' Motion for Reconsideration as a second petition for removal it would be precluded by the Seedman opinion from accepting jurisdiction over the same. The Seedman panel held that "a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction." 837 F.2d at 414.

MEMORANDUM ORDER- 4